UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BETH ANDREW-BERRY, individually and on behalf of all others similarly situated,<br>    *Plaintiff*,<br><br>v.<br><br>GEORGE A WEISS and GWA, LLC,<br>    *Defendants*. | Case No. 3:23-cv-978 (OAW) |

### RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

**THIS ACTION** is before the court upon Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Motion"). ECF No. 50. This motion is uncontested. For the reasons discussed herein, the motion is **GRANTED.**

I. **BACKGROUND**[1]

Plaintiff, a former employee of the corporate defendant, filed this putative class action on July 24, 2023, alleging that Defendants had violated the Employee Retirement Income Security Act ("ERISA") in their administration of the company's retirement benefit plan (the "Plan"). More specifically, she accused Defendants of violating their fiduciary duties and engaging in prohibited transactions.

After the parties had engaged in certain limited discovery, this action was stayed, both by court order to permit the parties to engage in mediation, *see* ECF No. 43, and by statute pending the resolution of a related bankruptcy action, *see* ECF No. 44.

Having received permission from the bankruptcy court to continue litigating this action, ECF No. 47, the parties reengaged in mediation and on September 27, 2024,

---

[1] The factual background is taken from the complaint, ECF No. 1, and the Motion.

1

submitted the instant motion for preliminary approval of settlement. In the motion, the parties ask the court to grant preliminary approval to the terms of the settlement and the proposed form of notice; to certify the settlement class; to set a date for a fairness hearing in anticipation of final approval of the settlement; and to set a briefing schedule for argument in support of final approval of the settlement; the award of fees, costs, expenses; and a service award.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) states that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Before granting such approval, though, the court first must ensure that the settlement class, as defined by the parties, can be certified under Rule 23(a) and (b). *Edwards v. N.A. Power & Gas LLC*, No. 3:14-cv-01714(VAB), 2018 WL 1582509, at *4 (D. Conn. Mar. 30, 2018); *see also Denney v. Deutsch Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006) (confirming that the class certification analysis is independent of the fairness analysis).

Rule 23(a) states four threshold requirements applicable to all putative class actions: (1) numerosity (the "class is so [large] that joinder of all members is impracticable"); (2) commonality (that "there are questions of law or fact common to the class"); (3) typicality (that "the claims or defenses of the representative parties are typical of the claims or defenses of the class"); and (4) adequacy of representation (that the class representatives "will fairly and adequately protect the interest of the class")." Fed. R. Civ. P. 23(a); *see also AmChem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). "In

addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *AmChem*, 521 U.S. at 614. "These requirements apply equally to 'conditional certification of a class for settlement purposes.'" *Edwards*, 2018 WL 15822509, at *4 (quoting *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157 (E.D.N.Y. 2009)). "When a court is asked to certify a class and approve its settlement in one proceeding, the Rule 23(a) requirements designed to protect absent class members 'demand undiluted, even heightened, attention." *In re Literary Works in the Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011) (quoting *Amchem*, 521 U.S. at 621).

When conducting the fairness analysis, "[p]reliminary approval of a class action settlement, in contrast to final approval, 'is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.'" *Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 101 (D. Conn. 2010) (quoting *In re Traffic Exec. Ass'n-E. R.R.*, 627 F.2d 631, 634 (2d Cir. 1980)). Preliminary approval is "appropriate where it is the result of serious, informed, and non-collusive negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies . . ., and where the settlement appears to fall within the range of possible approval.'" *Id.* (quoting *Reade-Alvarez*, 237 F.R.D. at 33 (E.D.N.Y. 2006)) (alteration in original).

### III. DISCUSSION

#### A. Certification of Settlement Class

The parties seek settlement for a class that includes all participants and beneficiaries of the GWA, LLC 401(k) Profit Sharing Plan (formally known as the George Weiss Associates, Inc. 401(k) Profit Sharing Plan) from July 24, 2017, to the Effective Date of Settlement (as that term is defined in the settlement agreement), excluding Defendant George A. Weiss and any of his relatives, heirs, or trusts for which he and/or his family members are beneficiaries or trustees. ECF No. 51 at 4.

The parties assert that this proposed class satisfies all the requirements of the Federal Rules of Civil Procedure. Because the court agrees, the court certifies, for settlement purposes only, the proposed class.

As a preliminary matter, the court finds that the proposed class is objectively defined such that the members are readily ascertainable. *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 716 (2d Cir. 2023) ("Ascertainability requires only that 'a proposed class is defined using objective criteria that establish a membership with definite boundaries.'") (quoting *In re Petrobras Sec.*, 862 F.3d 250, 269 (2d Cir. 2017)) (internal quotation marks omitted). The proposed class is specified relative to an individual's relationship to the Plan and a relevant period of time. Thus, there is no danger that an individual's membership might be subject to debate.

As to the first of the Rule 23(a) requirements, with over 200 individuals who fit the definition described above, the settlement class enjoys a presumption of numerosity, which presumption has not been rebutted or even challenged. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (noting that numerosity is presumed with

a proposed class of only 40 members) (citing 1 *Newberg On Class Actions 2d*, (1985 Ed.) § 3.05).  Further, given that the proposed class would encompass individuals who are not current participants in the Plan, and that some class members may have passed away during the relevant period, the court finds that joinder of each member would be "impracticable" within the meaning of the Rule.  *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.,* 504 F.3d 229, 244–45 (2d Cir. 2007) ("The numerosity requirement in Rule 23(a)(1) does not mandate that joinder of all parties be impossible—only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate.").  Accordingly, the first requirement is satisfied.

The settlement class also satisfies the commonality requirement.  This requirement will be satisfied if a question of law or fact is "capable of classwide resolution—which means that its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)) (internal quotation marks omitted).  "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question."  *Id.* (quoting *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir.2014)) (internal quotation marks omitted).  Here, whether Defendants violated ERISA is dispositive of the claims of the entire class.  Accordingly, the commonality requirement clearly is satisfied.  "In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries."

*In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 452 (S.D.N.Y. 2004) (quoting *Banyai v. Mazur*, 205 F.R.D. 160, 163 (S.D.N.Y.2002)) (internal quotation marks omitted).

Likewise, the settlement class satisfies the typicality requirement. This requirement will be satisfied if a plaintiff can show that "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Robidoux v. Celani,* 987 F.2d 931, 936 (2d Cir.1993)) (internal quotation marks omitted). "The typicality requirement is often met in putative class actions brought for breaches of fiduciary duty under ERISA." *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 143 (S.D.N.Y. 2010). This is true because "a breach of fiduciary duty affects all participants and beneficiaries," and thus "the question of defendants' liability for ERISA violations is common to all class members . . . ." *Moreno v. Deutsche Bank Americas Holding Corp.*, No. 15 CIV. 9936 (LGS), 2017 WL 3868803, at *4 (S.D.N.Y. Sept. 5, 2017) (quoting *In re J.P. Morgan Stable Value Fund ERISA Litig.*, No. 12 Civ. 2548, 2017 WL 1273963, at *7 (S.D.N.Y. Mar. 31, 2017)) (internal quotation marks omitted). Here, as is typical in ERISA disputes, the alleged injury to the named plaintiff and the alleged injury to the other class members necessarily arose from the same conduct by Defendants. Accordingly, the typicality requirement is satisfied.

Finally, the settlement class satisfies the adequate representation requirement. The inquiry into "[a]dequacy is twofold: the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members." *Denney*, 443 F.3d at 268. As the central issue in this case is dispositive of all the class members' claims, and Plaintiff's

interests therefore are aligned perfectly with the class's interests, the court finds both elements satisfied here.  Furthermore, Plaintiff's counsel has significant litigation experience in class actions specifically, such that the court has no concern about the firm's ability to assess the merits and liabilities of this case and proceed accordingly.

Thus, Rule 23(a) presents no impediment to the relief requested.

Looking now to requirements of Rule 23(b), the parties assert that the proposed class clearly falls within the scope of subparagraph (b)(1), which permits class actions where separate actions could lead to inconsistencies (per subparagraph (b)(1)(A)) or render additional actions foregone conclusions (per subparagraph (b)(1)(B)). Fed. R. Civ. P. 23(b)(1)(A)–(B).  Classes in ERISA actions generally satisfy one or both of these provisions, given that the legal question presented by such claims usually does not vary between individuals. *See, e.g., In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004) (finding in a putative ERISA class action alleging breach of fiduciary duties that "ERISA litigation of this nature presents a paradigmatic example of a (b)(1) class.").  Here, the court finds certification most appropriate under subparagraph (b)(1)(B), since success or failure on the claims presented as to the named plaintiff would be dispositive of the success or failure of the claims as to the entire class. *Douglin v. GreatBanc Tr. Co.*, 115 F. Supp. 3d 404, 412 (S.D.N.Y. 2015) ("[T]he structure of ERISA favors the principles enumerated under Rule 23(b)(1)(B), since the statute creates a 'shared' set of rights among the plan participants by imposing duties on the fiduciaries relative to the plan . . . ."); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834 (1999) (describing as a classic example of a (b)(1)(B) dispute the "'breach of trust by [a] . . . fiduciary similarly affecting the members of a large class' of beneficiaries, requiring an

7

accounting or similar procedure 'to restore the subject of the trust . . . .'") (quoting Advisory Committee's Notes on Fed. R. Civ. P. 23).  The court finds that certification under this subparagraph advances the intent that future litigants will not be disadvantaged in the protection of their interests by a potentially preclusive ruling in this action.[2]

Thus, the court concludes that the settlement class may be and hereby is preliminarily certified.  Consistent with the findings above, the court preliminarily appoints Beth Andrew-Berry as the class representative, and as class counsel the court preliminarily appoints Cohen Milstein Sellers & Toll PLLC, which has appeared here via Michelle C. Yau, Caroline Elizabeth Bressman, Daniel Sutter, and Jacob Timothy Schutz.

### B. **Preliminary Approval of the Terms of the Settlement**

The parties ask the court to give preliminary approval to a settlement agreement (the "Agreement") with terms as summarized herein.  A "Gross Settlement Amount" of $7,900,000.00 will be deposited into a fund (the "Fund").  This Fund first will be used to pay litigation costs, including attorneys' fees and an award for the class representative. The amount remaining in the Fund thereafter (the "Net Settlement Amount") then will be equitably divided amongst the individual class members.  Each member's individual recovery will be determined by application of a formula such that their recovery will represent a pro rata portion of the Net Settlement Amount according to each member's level of investment in the Plan during the relevant period.[3]  Distribution will be effected automatically either by deposit of the funds into the class member's Plan account, by

---

[2] Because the court finds certification appropriate under (b)(1)(B), it need not address whether certification also would be appropriate under (b)(1)(A).

[3] The formula sums together each member's quarterly account balance during the relevant period, which sum will then be summed together with the result of the same calculation as applied to each other member.  The ratio of the individual member's summed account balance to the class's summed account balance will be applied to the Net Settlement Amount, yielding the total to which each member is entitled.

rollover to a different qualified account (if the member timely so elects), or by check. The Agreement also provides for an award of attorneys' fees and costs, to be calculated by the parties and approved by the court at a later date, though class counsel has committed to cap their fees at one-third of the Gross Settlement Amount.[4] The named plaintiff, if approved as representative for the class, will receive an award of up to $45,000.00. And an independent fiduciary, yet to be selected, will represent the Plan in reviewing the settlement and any releases associated therewith. The Agreement contemplates binding the entire class to a thorough and comprehensive release of all claims related to those raised in this action, without any action by the individual class members, and even if the individual class members do not receive notice of the settlement or learn of the potential claim after this action has terminated.

When determining whether to grant preliminary approval to a class settlement, a court must consider both its procedural fairness (that is, the "negotiating process leading up to the settlement") and its substantive fairness (that is, the terms of the settlement itself). *Menkes*, 270 F.R.D. at 101 (quoting *McReynolds v. Richards–Cantave*, 588 F.3d 790, 803–04 (2d Cir.2009)) (internal quotation marks omitted). Rule 23(e) provides certain factors that a court must review in making this determination, and in this circuit, courts also must review those factors laid out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

With respect to the procedural element, the court finds that the Agreement was negotiated fairly. In satisfaction of Rule 23(e)(2), the court concludes that "the class representatives and class counsel have adequately represented the class" and that "the

---

[4] This commitment is not a formal contractual term, but will be published in the notice to the class.

proposal was negotiated at arm's length . . . ." Fed. R. Civ. P. 23(e)(2)(A)–(B). Both Plaintiff and Defendants were and are represented by capable counsel who are experienced and knowledgeable in complex class litigation. Moreover, the Agreement resulted from negotiations mediated by JAMS, a reputable and well-regarded arbitration firm, after and while the parties engaged in discovery, pursuant to the court's order. *See* ECF No. 31. Thus, the Agreement was not negotiated blindly. Finally, the court is not aware of any evidence that might suggest that the negotiations were collusive among the parties. For these reasons, the Agreement satisfies all procedural requirements.

Turning to the substantive fairness of the Agreement, the court again looks to Rule 23(e)(2), which requires the court to consider the negotiated relief in the aggregate (in light of the costs and inherent risks of trial and any benefit provided to attorneys and class representatives), and the individual relief each member will receive relative to each other. The court also considers the *Grinnell* factors: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell Corp.*, 495 F.2d at 463.

Having reviewed all these factors, the court finds that the Agreement also is substantively fair. First, the court finds that the relief provided in the Agreement is reasonable, all things considered. The parties assert that the Gross Settlement Amount

represents up to 36% of the total losses to the class, and while the court has no means of corroborating this assertion, $7,900,000.00 patently is a substantial recovery given the number of members in the class (described as "over 200," which the court construes to mean less than 300) and the relevant period (going back to June 2017). And it is plain that the cost of trial to resolve the instant claims would have been significant, particularly given the typical complexity of ERISA fiduciary claims and the early stage of litigation. This case has not yet progressed past the dismissal phase, and thus the likelihood that Plaintiffs would have prevailed upon any or all their claims is very uncertain. Consequently, the court concludes that the aggregate relief appears satisfactory. The individual relief, too, will be allocated in a fair and easily ascertainable fashion, with each member to receive a pro rata share of the Net Settlement Amount reflective of their relative level of investment in the Plan, as determined by application of a mathematical equation. And finally, the awards to the class representative and class counsel are not extravagant. Accordingly, the court finds the Agreement to be substantively fair.

For the reasons discussed herein, the court finds the terms of the Agreement to be reasonable, such that notice of the same may be submitted to the entire class.

### C. Form of Notice

Rule 23 requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ." Fed. R. Civ. P. 23(e)(1)(B). The parties propose to provide notice to all class members via the United States Postal Service, with additional resources available to class members online and by phone. These services will be administered by Analytics Consulting LLC ("Analytics"), whom

Plaintiff has retained following a competitive bidding process, and who has experience handling ERISA settlements.

Finding this proposed method of notice to be appropriate within the meaning of the Rule, the court hereby approves it. Fed. R. Civ. P. 23(c)(2)(A).[5] In so doing, the court also approves of the proposed notice and rollover form submitted by the parties, except that the court instructs the parties to specify in the notice that any comments or objections from any class member must be **received** either by the court or counsel of record on or before August 14, 2025. The court also approves the use of Analytics as the settlement administrator, whose responsibilities shall be as the parties have outlined them in the Agreement. The court finds that the notice as drafted by the parties will inform the class of this action, the Agreement, and next steps. *See Wal-Mart Stores*, 396 F.3d at 114 (requiring settlement notice to "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.") (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir.1982)) (internal quotation marks omitted). Further, the court finds the notice to be adequate insofar as it is drafted such that the average class member will understand it. *Id.* ("Notice is 'adequate if it may be understood by the average class member.'") (quoting 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11:53, at 167 (4th ed. 2002)).

### D. <u>Effect of the Order</u>

All proceedings in this litigation other than those related to approval of the Agreement shall continue to be stayed. Further, any actions brought by class members concerning claims that would be released upon final approval of the Agreement hereby

---

[5] The court need not address the requirements of Rule 23(c)(2)(B), which are specific to subparagraph (b)(3) classes.

are enjoined from further prosecution and stayed pending final approval of the settlement agreement.

In the event that the Agreement is terminated, or the court does not grant it final approval, or if final approval is vacated or modified by any means, then all parties and class members will be restored to the position each occupied before entry of this order.

### IV.     CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's motion for preliminary approval of class action settlement hereby is **GRANTED.**

    a. The terms of the settlement agreement are approved preliminarily, such that the class members may be notified of the terms of the agreement per the method described in the Agreement.

    b. The settlement class, as defined in the Agreement, preliminarily is certified.

    c. Plaintiff's proposed notice and rollover form, and proposed use of a website and telephonic support line to communicate with the settlement class, are approved, except that the notice shall be modified to specify that comments and objections must be **received** by **August 14, 2025.**

    d. Pending final approval of the settlement, all members of the settlement class hereby are preliminarily barred from initiating or prosecuting any claim that would be released upon final approval of the Agreement.

    e. Beth Andrew-Berry preliminarily is appointed as class representative for the purpose of this settlement.

    f. Cohen Milstein Sellers & Toll PLLC preliminarily is appointed as class counsel for the purpose of this settlement.

    g. Analytics Consulting LLC is appointed as the Settlement Administrator for this settlement.

    h. Within **14 days** of the date of this order, the parties shall ensure that Analytics is furnished with all information necessary to effect notice upon the settlement class.[6]

    i. Within **21 days** of the date of this order, notice shall be disseminated to the settlement class.

2. Given this ruling, the Motion to Dismiss, ECF No. 32; the Consent to Magistrate Judge Jurisdiction, ECF No. 56; and the Motion for Status Conference, ECF No. 58, hereby are denied as moot.

3. The final approval hearing shall be scheduled for **10 a.m. on August 26, 2025,** unless reset by the court to a different time and/or date.

    a. Any motion for final approval of the Agreement, with supporting argument, shall be filed on or before **August 4, 2025.**

    b. Any application for attorneys' fees, reimbursement of costs and expenses, and service awards shall be filed on or before **August 4, 2025.** Until such fees and expenses are approved, any necessary litigation expenses may be paid from the Fund.

---

[6] Per the Agreement, notice of the proposed settlement already should have been made upon appropriate state officials in accordance with the requirements of Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* The parties may move for an alteration of the schedule if these requirements have not yet been satisfied.

c.  Any member of the settlement class may submit comments on or objections to the Agreement by filing the same on the case docket (manually or electronically) or by delivery to all counsel of record. Any such comment or objection must be **received** by the court or counsel on or before **August 14, 2025.** Any such comment or objection must include the name and address of the submitting class member; state the specific grounds for the objection; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); be signed by the submitting class member; and provide a statement indicating whether the class member intends to appear at the fairness hearing.

d.  Any responses to any written objections to the Settlement shall be filed on or before **August 24, 2025.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 30th day of May, 2025.

                                                                /s/
                                         OMAR A. WILLIAMS
                                         UNITED STATES DISTRICT JUDGE